Filed 8/26/21  P. v. Razon CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>　　　　Plaintiff and Respondent,<br><br>v.<br><br>DWAYNE BERNARD RAZON,<br><br>　　　　Defendant and Appellant. | E077085<br><br>(Super.Ct.No. ICR17621)<br><br>OPINION |

APPEAL from the Superior Court of Riverside County.  John D. Molloy, Judge. Affirmed.

Athena Shudde, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

Defendant and appellant Dwayne Bernard Razon appeals the Riverside County Superior Court's denial of his petition for resentencing made pursuant to section 1170.95 of the Penal Code.[1]  We affirm.

## BACKGROUND

*1. The circumstances leading to defendant's conviction*

The background leading up to defendant's petition for resentencing is taken from our opinion issued in defendant's appeal from the judgment.  (*People v. Razon* (Feb. 26, 1998, E018625) [nonpub. opn.].)  A copy of the opinion is included in the record on appeal.

In June 1993, a police officer stopped in a parking lot to investigate a group of men urinating in public view.  That incident resulted in the arrest of one of the men, Carl Lawson, who had approached the officer's car, which contained a rifle, and ignored the officer's repeated warnings to move away.  After leaving the scene, the cousin of defendant's girlfriend, Eric Morreo, asked the girlfriend to take his son home.  Defendant told the girlfriend something might happen, to run away and not look or come back, that things could get rough.  Defendant and Morreo returned to the parking lot, where they moved in on the officer, throwing things and shouting profanities.

At one point during this confrontation, Morreo took an object from his waistband, held it in his right hand while cupping it with his left, and extended his arms at a forty-five-degree angle toward the ground.  The officer took out his gun and pointed it at

---

[1]  All further statutory references are to the Penal Code.

2

Morreo.  Morreo took a wide stance, moved the object he was welding to his inner right thigh, and inched toward the officer, saying, "Come on, come on."  Defendant leaned toward Morreo and said, "Do him.  Do him," or, "Shoot him.  Shoot him," or "Kill him.  Kill him."  Morreo then took a combat stance, raised and centered his arms toward the officer, and pointed the object at the officer's chest.  The officer fired his gun, mortally wounding Morreo.  The object Morreo had in his hands was a pair of sunglasses.  Morreo's blood-alcohol level at the time of his death was 0.17.

A jury convicted defendant of second degree murder (§ 187), assault with a deadly weapon upon a police officer (§ 245, subd. (c)), unlawful rescue of arrestee (§ 4550), taking an arrestee by means of a riot (§ 405a), and delaying or obstructing an officer (§ 148).  He was sentenced to a prison term of 15 years to life.

Defendant appealed his conviction to this court.  (*People v. Razon*, *supra*, E018625.)  We corrected an error in the abstract of judgment and affirmed the judgment in all other respects.  (*Ibid.*)

*2.  Defendant's petition for resentencing*

On January 1, 2019, Senate Bill No. 1437 became effective.  (Stats. 2018, ch. 1015.)  That measure amended sections 188 (defining malice) and 189 (defining degrees of murder) to limit the reach of the felony murder rule in cases of first and second degree murder and eliminated the natural and probable consequences liability for murder.  (Stats. 2018, ch. 1015.)  The bill also added section 1170.95, which creates a

3

procedure for convicted murderers who could not be convicted under the law as amended to retroactively seek relief.

In December 2020, defendant submitted a handwritten petition to the trial court pursuant to section 1170.95 in which he requested resentencing under the new laws. After that petition was summarily denied without prejudice, defendant filed a form petition in February 2021. The court appointed counsel for defendant and ordered the People to show cause why defendant should not be resentenced.

The People responded that defendant was not eligible for relief for each of two reasons. First, the jury had not been given instructions on the felony murder rule or the natural and probable consequences doctrine. Second, the jury had found defendant guilty of provocative act murder. To convict on the theory of a provocative act, the jury was required to find not only the act was intentional and its natural consequences were dangerous to human life, but also that the act was deliberately performed with knowledge of the danger to, and with conscious disregard for, human life.

In reply, defendant conceded that the jury had not been instructed on felony murder rule or the natural and probable consequences doctrine. He claimed he was nevertheless entitled to resentencing on the theory provocative act murder is an application of the natural and probable consequences doctrine.

Defendant was not present but was represented by counsel when his petition was heard in May 2021. The court noted that a petition for review had been denied in a case, which was cited in the People's arguments, holding that Senate Bill No. 1437 does not

4

apply to provocative act murder. (*People v. Johnson* (2020) 57 Cal.App.5th 257, review denied Feb. 17, 2021, S266188.) It found defendant statutorily ineligible for relief and denied the petition.

Defendant appealed and we appointed counsel to represent him. We also granted defendant's unopposed request to take judicial notice of five exhibits appended to the request that are parts of the record in defendant's appeal from the judgment: the first amended information, the jury instructions, the People's closing arguments, the minute order of the verdicts, the transcript of the probation hearing and sentencing.

## DISCUSSION

Defendant's counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S 738, setting forth statements of the case and facts. Counsel suggests three potentially arguable issues: (i) what procedures are appointed counsel and the court of appeal required to follow when counsel determines that an appeal from an order denying postconviction relief lacks arguable merit; (ii) whether the trial court erred when it denied defendant's petition for relief under section 1170.95; and, (iii) whether the trial court's denial of appellant's petition constituted prejudicial error.

Counsel states this court is required to undertake a review of the entire record. When, in an indigent defendant's first appeal of right, appointed appellate counsel files an opening brief that does not present an arguable issue, it is well settled that the appellate court must offer the defendant an opportunity to submit a personal supplemental

5

brief and to review the entire record whether or not the defendant files a brief. (*Wende*, *supra*, 25 Cal.3d at pp. 441-442.)

We acknowledge *People v. Cole* (2020) 52 Cal.App.5th 1023, 1032, (*Cole*) review granted October 14, 2020, S264278, held the constitutional bases for *Wende* procedures apply only to a defendant's direct appeal from the judgment. We also recognize that we have discretion to exercise our inherent supervisory powers to apply *Wende* procedures to appeals from denials of postconviction relief in which appointed appellate counsel files a no-issues brief. Accordingly, appellate courts have traditionally afforded defendants an opportunity to personally file a supplemental brief when appointed counsel has submitted a no-issues brief in a postjudgment appeal. (*People v. Scott* (2020) 58 Cal.App.5th 1127, 1131 (*Scott*), review granted Mar. 17, 2021, S266853.)

Appellate courts are divided, however, with respect to whether we should exercise our discretion to conduct an independent review of the record if a defendant does not respond to an invitation to file a supplemental brief. (E.g., *Cole*, *supra*, 52 Cal.App.5th at pp. 1038-1039 [Second Dist., Div. Two, no independent review of record when no supplemental brief filed, dismissed the appeal as abandoned]; *People v. Flores* (2020) 54 Cal.App.5th 266, 269, 273-274 [Fourth Dist., Div. Three conducted independent review of record even though defendant did not file a supplemental brief].)

Recent opinions issued by this court reflect the division in approach to the situation in which defendant does not file a supplemental brief. In *Scott*, one panel concluded there is no reason to conduct an independent review of the record or to issue

6

an opinion in such a case and dismissed the appeal as abandoned.  (*Scott*, *supra*, 58 Cal.App.5th at pp. 1131-1132 (but see dis. opn. of Miller, J.); accord *People v. Figueras* (2021) 61 Cal.App.5th 108, review granted May 12, 2021, S267870.)

In *People v. Gallo* (2020) 57 Cal.App.5th 594 (*Gallo*), another panel of this court concluded the interests of justice call for independent review of the record in postjudgment no-issue appeals even if the defendant has not filed a supplemental brief. (*Id.* at p. 599 (but see dis. opn. of Menetrez, J.); accord *People v. Flores* (2020) 54 Cal.App.5th 266, 269 [when an appointed counsel files a *Wende* brief in an appeal from a summary denial of a section 1170.95 petition, reviewing court is not required to independently review the entire record, but the court can and should do so in the interests of justice]; see *People v. Allison* (2020) 55 Cal.App.5th 449, 456 [court of appeal has the discretion to review the record in the interests of justice].)

We respectfully disagree with *Scott* and find the procedure in *Gallo* provides indigent defendants an additional layer of due process while consuming comparatively little in judicial resources.

Here, we offered defendant an opportunity to file a personal supplemental brief, which he has not done.  Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, and in keeping with *Gallo*, *supra*, 57 Cal.App.5th 594, we have independently reviewed the record for potential error and find no arguable issues.

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

We concur:

McKINSTER
J.

FIELDS
J.

8